■ BRENDA C. LEA, Respondent, v. DOMINICK SEGRETO et al., Appellants. (Action No. 1.) JENNIE SEGRETO et al., Appellants, v. BRENDA C. LEA, Respondent. (Action No. 2.) — In consolidated negligence actions arising out of a collision between an automobile owned and operated by Brenda C. Lea (the plaintiff in Action No. 1) and a car owned by Dominick Segreto and operated by his wife Jennie Segreto (the plaintiffs in Action No. 2), the Segretos, as defendants in the first action and as plaintiffs in the second action, appeal from a judgment of the Supreme Court, Queens County, entered December 23, 1963 after trial, upon a jury's verdict against them: (a) for $15,000 in favor of the said Lea, as plaintiff in Action No. 1; and (b) in favor of the said Lea, as defendant in Action No. 2, dismissing on the merits the complaint of both plaintiffs in said action. In Action No. 2 the cause of action of the plaintiff Dominick Segreto to recover damages for loss of services and expenses was dismissed by the court for failure of proof. Judgment modified on the law as follows: (1) by striking out the first decretal paragraph directing recovery by plaintiff in Action No. 1 of the sum of $15,000, plus costs from the two defendants in said action; (2) by striking out the second decretal paragraph dismissing the complaint of both plaintiffs in Action No. 2; and (3) by substituting for such second paragraph a provision severing the cause of action of the plaintiff Dominick Segreto in Action No. 2 and dismissing such cause of action on the merits. As so modified, the judgment is affirmed, and a new trial is granted, with costs to abide the event, as to all the parties with respect to Action No. 1, and only as between the plaintiff Jennie Segreto and the defendant Brenda C. Lea with respect to Action No. 2. The findings of fact implicit in the jury's verdict are affirmed. Since no proof of damages was offered in support of the plaintiff Dominick Segreto's cause of action for loss of services and expenses in Action No. 2, and such cause of action appears to have been abandoned, the dismissal as to him in that action was proper. It was reversible error for the trial court, however, to permit the introduction in evidence of so much of the police officer's aided card as expressed his opinion with respect

to the cause of the accident. Hence, a new trial is required as to all the causes of action other than the one asserted by plaintiff Dominick Segreto. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.